United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN REGINALD DAY, JR., § <br> SPN # 02232608, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> ED GONZALEZ, § <br> § <br> Respondent. § | CIVIL ACTION NO. 4:20-1301 |

## ORDER OF DISMISSAL

Petitioner John Reginald Day, Jr., is a pretrial detainee at the Harris County Jail. He has filed a petition for habeas corpus seeking release on bond (Dkt. 8), which the Court construes as a petition under 28 U.S.C. § 2241. Day has paid the filing fee. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq*., and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **DISMISSED** without prejudice for reasons that follow.

### I. BACKGROUND

Day is detained at the Harris County Jail and seeks reduction of his bond. The jail's publicly available online records reflect that Day is detained based on multiple criminal charges in the 351st District Court of Harris County:

1. Possession of a controlled substance, Case No. 161578401010, with bond set at $40,000;

2. Assault by applying pressure to a household member's throat and neck, Case No. 161549501010, with bond set at $200,000;

3. Felon in possession of a weapon, Case No. 164349501010, with bond set at $100,000;

4. Aggravated assault with a deadly weapon, Case No. 164298901010, with bond set at $100,000;

5. Possession with intent to deliver a controlled substance, Case No. 164349601010, with bond set at $100,000; and,

6. Aggravated assault of a family member, Case No. 164987801010, with bond set at $100,000.

*See* Harris County Jail Information, available at https://www.harriscountyso.org/jailinfo/HCSO_FindSomeoneInJail.aspx (last visited June 29, 2020). The website lists a court date of June 30, 2020 on all active cases.

Online records of the Harris County courts reflect that pretrial proceedings are ongoing before Hon. George Powell and that Day is represented by retained counsel. *See* Harris County District Clerk Records, available at https://www.hcdistrictclerk.com (last visited June 29, 2020). On March 26, 2020, Day filed a writ of habeas corpus for release on recognizance due to the circumstances of the COVID-19 pandemic in each of his active cases (*id.*). The writ remains pending before the trial court (*id.*).

According to the Texas appellate courts' public website, Day has not filed any habeas proceedings before the Texas Court of Criminal Appeals. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited June 29, 2020).

In this Court, Day filed an initial petition (Dkt. 1) and, as instructed, an amended petition (Dkt. 8) on the Court's form. He requests a "fair affordable bond that [he] can make" in his criminal cases (Dkt. 8, at 7). He relies on the Eighth Amendment prohibition against excessive bail. He also relies on Texas Code of Criminal Procedure art. 17.151 and claims that he is entitled to have an affordable bond set because, although he has been incarcerated for over nine months, the State is still not ready for trial. He claims that Judge Powell has improperly refused to lower his bond on the grounds that it would harm the judge's reputation if Day were released and then charged with a new offense. He additionally argues that his situation is especially urgent given the COVID-19 pandemic and his risk of contracting the virus while detained at the Harris County Jail.

## II.     EXHAUSTION OF STATE COURT REMEDIES

Day seeks a reduction of his bond. Because he is a pretrial detainee, his petition is governed by 28 U.S.C. § 2241, which authorizes a federal writ of habeas corpus if a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: the petitioner must be in custody for purposes of § 2241(c); and the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Although Day meets the first prerequisite for review because of his confinement at the Harris County Jail, he does not meet the second prerequisite because he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals either by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). Certain Texas defendants who have been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. See TEX. CONST. art. 1 § 11a(a). Additionally, a Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

In this case, Day does not claim in his pleadings, and public records do not reflect, that Day has presented the Texas Court of Criminal Appeals with his request for bond reduction. To the contrary, it appears that his request for bond reduction is pending in the trial court, where he is represented by retained counsel. Day does not allege facts supporting a finding that his remedy in the Texas appellate courts is unavailable to address his constitutional claims. He therefore has failed to exhaust his available state

remedies for purposes of seeking habeas review under 28 U.S.C. § 2241.[1]

The Court therefore concludes that the pending federal habeas petition must be dismissed without prejudice for lack of exhaustion.

### III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. Where the petitioner is a prisoner in state custody, this requirement also applies to petitions for relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

---

[1] Day cites to article 17.151 of the Texas Code of Criminal Procedure, which requires the release on bond of a detained defendant if the state is not ready for trial within 90 days after detention began. *See* TEX. CODE. CRIM. P. art. 17.151(1). The Court notes that Governor Abbott has suspended this provision during the COVID-19 pandemic. *See* Texas Executive Order GA-13, 2019 TX EO 13 (Mar. 29, 2020) (detention in county and municipal jails during COVID-19 disaster).

proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by John Reginald Day, Jr., is **DISMISSED without prejudice** for failure to exhaust state remedies.

2. All pending motions, if any, are denied as moot.

3. A certificate of appealability is denied.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 29th day of June, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE